**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| OMNITEK PARTNERS, LLC, | Case No.: 6:23-cv-00568-DC-DTG |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| GOOGLE LLC, | |
| Defendant. | |

**DEFENDANT GOOGLE LLC'S MEMORANDUM IN SUPPORT OF MOTION TO
<u>DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM</u>**

### TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................. 1

II.  BACKGROUND. ................................................................................................. 3

    A.   Procedural History ...................................................................................... 3

    B.   The '293 Patent And The Asserted Claims ................................................. 3

    C.   OmniTek's Infringement Allegations Are Bare and Conclusory ................. 5

    D.   OmniTek's Prior Assertion Of The '293 Patent Against Huawei and Samsung ............ 7

III. LEGAL STANDARD ......................................................................................... 8

IV.  ARGUMENT .................................................................................................... 10

    A.   OmniTek Has Failed To Allege A Plausible Direct Infringement Claim ..................... 10

    B.   OmniTek's Indirect Infringement Allegations Are Insufficient ................... 12

    C.   OmniTek's Willful Infringement Allegations Are Insufficient .................... 14

V.   CONCLUSION .................................................................................................. 16

TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adidas Am., Inc. v. Sketchers USA, Inc.*,
2017 WL 2543811 (D. Or. June 12, 2017) ...............................................16

*Ashcroft v. Iqbal*,
556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)...................................8, 9, 12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)......................................8

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
681 F.3d 1323 (Fed. Cir. 2012)...............................................13

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) ...............................................8, 11

*Dali Wireless, Inc. v. Corning Optical Communications LLC*,
638 F.Supp.3d 1088 (N.D. Cal. 2022) ...............................................16

*De La Vega v. Microsoft Corp.*,
No. W-19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)...................11

*Dynamic Data Techs. v. Google LLC*,
No. 19-1529-CFC, 2020 WL 1285852 (D. Del. Mar. 18, 2020) ...............................15

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
579 U.S. 93 (2016)...............................................15

*Iron Oak Techs., LLC v. Acer Am. Corp.*,
No. 6:17-cv-00143, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) .........................9

*U.S. ex rel. Lam v. Tenet Healthcare Corp.*,
481 F. Supp. 2d 689 (W.D. Tex. 2007)...............................................2

*Mentor Graphics Corporation v. EVE-USA, Inc.*, 851 F.3d 1275, 1295 (Fed. Cir.
2017) ...............................................15

*Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*,
No. 6:20-CV-008876-ADA, 2021 WL 3931910 (W.D. Tex. Sept. 1, 2021) ...............13, 14

*Omnitek Partners, LLC v. Huawei Technologies USA, Inc.*,
Case No. 3:23-cv-01744 (N.D. Tex.)...............................................2, 7

*Omnitek Partners, LLC v. Samsung Electronics America, Inc.*,
  Case No. 6:22-cv-00844-JKP (W.D. Tex.)............................................................2, 8

*Ortiz & Assocs. Consulting, LLC v. Ricoh USA, Inc.*,
  No. 6:21-CV-01178-ADA, 2023 WL 2904583 (W.D. Tex. Apr. 11, 2023) ...............9, 10, 11

*Parity Networks, LLC v. Cisco Sys., Inc.*,
  No. 6:19-cv-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019)............................9

*Rotec Indus., Inc. v. Mitsubishi Corp.*,
  215 F.3d 1246 (Fed. Cir. 2000)......................................................................10

*In re Seagate*,
  497 F.3d 1360 (Fed. Cir. 2007)......................................................................15

*Superior Indus., LLC v. Thor Global Enters.*,
  700 F.3d 1287 (Fed. Cir. 2012)......................................................................14

*Valinge Innovation AB v. Halstead New England Corp.*,
  No. CV 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) ...............................15

*Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-CV-00487-ADA, 2022 WL 23469
  (W.D. Tex. Jan. 3, 2022)...........................................................................8, 9

*VLSI Tech. LLC v. Intel Corporation*,
  Case No. 17-cv-05671-BLF, 2023 WL 8654391 (N.D. Cal. Dec. 14, 2023) ...................15, 16

**Statutes**

35 U.S.C. § 271(a) ..................................................................................1, 5, 10

35 U.S.C. § 271(b) ........................................................................................2

35 U.S.C. § 271(c) ........................................................................................2

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)...............................................................................1, 9, 11

Defendant Google LLC ("Google" or "Defendant") moves under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff OmniTek Partners, LLC's ("OmniTek" or "Plaintiff") Complaint (D.I. 1) because it fails to state a claim for patent infringement.

## I.   INTRODUCTION

Plaintiff OmniTek has sued Google for infringement of U.S. Patent No. 7,272,293 (the "'293 patent"), but its six-page Complaint fails to plead facts sufficient to state a plausible claim for infringement—under any theory.  Plaintiff's direct infringement claims consist only of the following:

- An identification of five products: "the Google Pixel Watch[] and Fitbit Iconic, Charge, Versa and Flex smartwatches (collectively, the 'Smartwatches')." D.I. 1, Complaint, at ¶ 20 (Compl.).

- A statement that "[i]n violation of 35 U.S.C. § 271(a), Defendant has directly infringed at least claims 1, 2, 17 and 18 of the '293 patent, either literally or under the Doctrine of Equivalents[.]" *Id.* at ¶ 22.

- And a statement that, "[o]n information and belief, the Smartwatches" purportedly practice the claim language of each of these four asserted claims. *Id.* at ¶ 23 (reciting the language of claim 1); ¶ 24 (same, claim 2); ¶ 25 (same, claim 17); and ¶ 26 (same, claim 18).

As discussed in further detail below, these boilerplate allegations fail to provide Google or the Court with any notice as to how these smartwatches purportedly infringe the asserted claims or even which versions of the smartwatches are at issue. Nor does OmniTek provide any example of how specific components and/or features of the accused products allegedly infringe the asserted patent.

OmniTek's indirect infringement claims are even more deficient: they consist of a naked assertion that, "[o]n information and belief, Google has committed indirect infringement based on

-1-

acts of direct infringement[.]" *Id.* at ¶ 10. That does not even specify what type of indirect infringement is being alleged (contributory or induced infringement), much less allege ***facts*** that could support an indirect infringement claim under whichever statutory scheme (35 U.S.C. § 271(b) for contributory infringement or § 271(c) for inducement of infringement).[1]   And OmniTek's willful infringement claims are based on Google's purported "notice" of the "'293 patent" rather than the correct standard (notice of the purported "infringement")—nor could OmniTek meet the legal standard to plead willful infringement in the first place.

Indeed, OmniTek's allegations are not even specific to Google: OmniTek has used the same boilerplate allegations asserting the same claims of the '293 patent in complaints filed against Samsung and Huawei. *See Omnitek Partners, LLC v. Huawei Technologies USA, Inc.*, Case No. 3:23-cv-01744 (N.D. Tex.). (Declaration of Juanita DeLoach ("DeLoach Decl."), Exhibit 1) and *Omnitek Partners, LLC v. Samsung Electronics America, Inc.*, Case No. 6:22-cv-00844-JKP (W.D. Tex.) (DeLoach Decl., Exhibit 2).[2] As discussed herein, the "factual" allegations regarding the accused Huawei and Samsung devices are identical to the allegations against Google; OmniTek simply swapped the names of one party and set of products for another. OmniTek's re-purposing of the same allegations against different products from different manufacturers not only illustrates the generic nature of OmniTek's allegations, but suggests a lack of a pre-suit investigation as well. OmniTek's Complaint should be dismissed.

---

[1] As discussed herein, a different allegation suggests that OmniTek may be pursuing only an inducement theory, although that is, at best, a guess on Google's part.

[2] "Within the Fifth Circuit, courts may take judicial notice of documents filed in other courts for the purpose of establishing the fact of litigation and related filings." *U.S. ex rel. Lam v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 689, 695 (W.D. Tex. 2007) (citing *Taylor v. Charter Med. Corp.,* 162 F.3d 827, 830 (5th Cir. 1998)). The Complaints are submitted with the brief for judicial and party convenience.

## II.     BACKGROUND.

### A.     Procedural History

OmniTek filed suit on August 4, 2023, asserting infringement of the '293 patent.  The Complaint was accompanied only by a copy of the '293 patent; it did not include a patent claim chart comparing the language of the asserted claims to the structures of the accused products. OmniTek requested a summons on August 7, 2023, which issued that same day, but then it did nothing for more than four months. D.I. 6, 7.

On December 18, 2023, the Court ordered OmniTek to file proof of service on Google "no later than Tuesday, January 2, 2024." D.I. 9. OmniTek did not comply with the Court's Order, however, and filed proof of service two days late, on January 4, 2024. D.I. 10. Following an unopposed motion for an extension, Google's response date to OmniTek's Complaint is March 4, 2024—the date this motion is being filed. D.I. 12.

### B.     The '293 Patent And The Asserted Claims

The '293 patent is entitled "Device having a casing and/or interior acting as a communication bus between electronic components."  D.I. 1-2, '293 patent, cover page.  As the "BACKGROUND OF THE INVENTION" section explains, "[e]lectronic devices typically have a casing or shell in which electronic/electrical components are housed." *Id.* at col. 1:27-28.  These electronic components typically "interact with each other and/or other devices via internal wiring (which includes printed circuit boards)." *Id.* at col. 1:30-32. The '293 patent describes some purported detriments to this traditional approach (*id.* at col. 1:32-40), before stating its purported inventive solution:  using "at least a portion" of a device's external "casing" to allow the internal components to communicate with one another. *Id.* at col. 1:47 *et seq.* That is, instead of solely relying on an internal "communications bus" (*e.g.*, internal wiring or a circuit board), the device's

external casing carries communication signals between or among the device's internal components. *Id.*

OmniTek alleges infringement of "at least claims 1, 2, 17, and 18 of the '293 patent." Compl. at ¶ 19. Claim 2 is dependent upon (and thus incorporates all the elements of) claim 1; claims 17 and 18 are independent claims. Asserted claims 1 and 2 recite the following:

> 1. A device other than a projectile, the device comprising:
>
> a plurality of electronic/electrical components; and
>
> a casing, the casing having at least a portion thereof acting as a communication bus for transmitting a signal in a point-to-many links manner between the plurality of electronic/electrical components, wherein the transmitted signal is available to each of the plurality of electronic/electrical components on the communication bus.
>
> 2. The device of claim 1, wherein at least a portion of the casing is an optical waveguide where one of the a plurality of electronic/electrical components comprises a transmitter operatively connected to the optical waveguide for transmitting optical signals into the optical waveguide, and another of the at least two electronic/electrical components comprises a detector for detecting the optical signals from the waveguide.

*Id.* at col. 9:30-45. Asserted claim 17 adds a few additional elements concerning "transmitting" and "detecting" a signal, and recites as follows:

> 17. A device other than a projectile, the device comprising:
>
> a casing for holding a plurality of electronic/electrical components; and
>
> a communication bus formed at least in part by the casing;
>
> wherein the plurality of electrical/electronic components are operatively connected to the communication bus in a point-to-many links manner and capable of transmitting and detecting a signal on the communication bus and the signal is available to each of the plurality of electronic/electrical components on the communication bus.

*Id.* at col. 10:41-52. Claim 18 is essentially claim 17 re-written as a "method for communicating"

-4-

in a device "other than a projectile" as opposed to claiming a "device other than a projectile" itself. *Id.* at col. 10:53-64.[3]

As reflected in the claim language, each of these claims share some common claim elements that limit the type(s) of device casings that might be plausibly alleged to infringe them. For example, a device (other than a projectile) that merely has a casing that includes a communications bus is not enough to state a claim for infringement of claims 1, 2, 17, or 18 of the '293 patent. Rather, any alleged communication bus in the device's casing must also be capable of "transmitting a signal in a point-to-many manner" such that the signal is "available to each of the plurality of electronic/electrical components on the communication bus." *Id.* at col. 9:33-38; *see also id.* at col. 9:39 (incorporating this requirement into claim 2); *id.* at col. 10:46-52 (same requirement in claim 17); *id.* at col. 10:59-64 (same requirement in claim 18).

### C.    OmniTek's Infringement Allegations Are Bare and Conclusory

OmniTek's Complaint states that "[t]he Accused Instrumentalities include, but are not limited to, the Google Pixel Watch, and Fitbit's Ionic, Charge, Versa and Flex smartwatches (collectively the 'Smartwatches')."  (Compl. ¶ 20.)  The Complaint does not further identify these products by, for example, versions, model numbers, or release dates. The Complaint's direct infringement allegations against the "Smartwatches" are limited to the following:

- "In violation of 35 U.S.C. §271(a), Defendant has directly infringed at least claims 1, 2, 17, and 18 of the '293 Patent, either literally and/or under the Doctrine of Equivalents, by making, using, selling, offering to sell, and/or importing in the United States the Accused Instrumentalities." Compl. at ¶ 22.

- "On information and belief, the Smartwatches have a plurality of electronic/electrical components; and a casing, the casing having at least a portion thereof acting as a

---

[3] Although not relevant to this motion, the "device other than a projectile" language was added at the Patent Office's insistence because OmniTek had a patent covering the use of a casing as a communications bus in a projectile (*e.g.*, an artillery shell or a missile). *See* U.S. Patent No. 6,892,644.

communication bus for transmitting a signal in a point-to-many links manner between the plurality of electronic/electrical components, wherein the transmitted signal is available to each of the plurality of electronic/electrical components on the communication bus." Compl. at ¶ 23 (incorporating the text of claim 1 of the '293 patent).

- "On information and belief, the Smartwatches includes a portion of the casing that is an optical waveguide where one of a plurality of electronic/electrical components comprises a transmitter operatively connected to the optical waveguide for transmitting optical signals into the optical waveguide, and another of at least two electronic/electrical components comprises a detector for detecting the optical signals from the waveguide." Compl. at ¶ 24 (incorporating the text of claim 2 of the '293 patent).

- "On information and belief, the Smartwatches include a casing for holding a plurality of electronic/electrical components; and a communication bus formed at least in part by the casing; wherein the plurality of electrical/electronic components are operatively connected to the communication bus in a point-to-many links manner and capable of transmitting and detecting a signal on the communication bus and the signal is available to each of the plurality of electronic/electrical components on the communication bus." Compl. at ¶ 25 (incorporating the text of claim 17 of the '293 patent).

- "On information and belief, the Smartwatches include a plurality of electronic/electrical components in a device having a casing, the device being other than a projectile, the method comprising: providing the casing with at least a portion acting as a communication bus; and operatively connecting the two or more electronic/electrical components to the communication bus such that a signal transmitted on the communication bus in a point-to-many links manner is available to each of the plurality of electronic/electrical components on the communication bus." Compl. at ¶ 26 (incorporating the text of claim 18 of the '293 patent).

That is the entirety of the Complaint's allegations of direct infringement. The Complaint does not make any attempt to map *any* of the elements of *any* of the patent claims to *any* particular component in *any* of the individual accused Smartwatches. Indeed, aside from identifying the accused Smartwatches, the Complaint does not allege any facts about the Smartwatches at all, much less attempt to address any of the differences between the accused Smartwatches.

The Complaint's allegations of indirect infringement are even thinner. There is a singular, bald accusation that Google "has committed indirect infringement based on acts of direct infringement in Texas and this District." Compl. at ¶ 10. The only other allegation that might

arguably touch on a part of some indirect infringement theory is that Defendant "directly and/or through intermediaries/subsidiaries has advertised (including through websites), offered to sell, sold and/or distributed infringing products, and/or have ***induced*** the sale and use of infringing products in the United States, Texas, and this District." *Id.* at ¶ 7 (emphasis added). This sentence suggests OmniTek is pursuing only inducement claims and (perhaps) not contributory infringement claims. But the Complaint provides no details of any inducement claim; identifies no examples of any of these advertisements or websites; and alleges no facts identifying whom Google might be inducing.[4]

OmniTek also alleges willful infringement. *Id.* at ¶ 28. But its allegation refers to mere notice of the '293 patent, not notice of the alleged infringement. *Id.* And, to the extent that the alleged willful infringement is purportedly based on service of the Complaint, *id.* at ¶ 27, the deficiencies in the Complaint's allegations fail to provide the requisite details to put Google on notice—assuming that a Complaint can even be the basis for a willful infringement claim, as discussed below.

### D. OmniTek's Prior Assertion Of The '293 Patent Against Huawei and Samsung

On August 4, 2023, Plaintiff asserted nearly identical infringement claims involving the same '293 patent, but against defendant Huawei Technologies USA, Inc. in an action entitled *Omnitek Partners, LLC v. Huawei Technologies USA, Inc.*, Case No. 3:23-cv-01744 (N.D. Tex.). DeLoach Decl., Ex. 1. Like the instant Complaint, the Huawei complaint asserts infringement of claims 1, 2, 17, and 18 of the '293 patent involving Huawei smartwatches. *Id.* at ¶¶ 22-26. A comparison of complaints against Huawei and Google (filed the same day) demonstrates that they

---

[4] The Complaint does not mention contributory infringement at all; to the extent a contributory infringement claim was intended, it is lumped in with induced infringement under the Complaint's generic "indirect infringement" allegation. *Id.* at ¶ 10.

are word-for-word identical in all substantive aspects, except replacing the names of the Defendants and their products. DeLoach Decl., Ex. 3, redline comparison of Exhibit 1, the Huawei complaint to the Complaint against Google (D.I. 1). OmniTek repurposed the same boilerplate infringement allegations for both Huawei and Google.

On August 9, 2022, Plaintiff asserted infringement claims against Samsung Electronics America, Inc. in an action entitled *Omnitek Partners, LLC v. Samsung Electronics America, Inc.*, Case No. 6:22-cv-00844-JKP (W.D. Tex.). DeLoach Decl., Ex. 2.  Like the instant Complaint and the Huawei complaint, the Samsung complaint asserts infringement of claims 1, 2, 17, and 18 of the '293 patent, against Samsung smartwatches.  *Id.* at ¶¶ 22-26.  Again, a comparison of the *Samsung Electronics* complaint and the Complaint in this case demonstrates that they are nearly identical: the parties and products are swapped out, and there's an allegation of pre-suit notice in paragraph 27, but the infringement allegations are the same boilerplate. DeLoach Decl., Ex. 4, redline comparison of Exhibit 2 to Complaint (D.I. 1)

## III.   LEGAL STANDARD

The Supreme Court's pleading standards in *Iqbal* and *Twombly* apply here. A plaintiff "is not required to plead infringement on an element-by-element basis," but it "cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352–53 (Fed. Cir. 2021) (internal citations and quotations omitted). As another judge in this district recently stated in *Vervain, LLC v. Micron Tech., Inc.*:

> Rule 12(b)(6) requires that a complaint contain sufficient factual matter, if accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To meet

> this factual plausibility standard, the plaintiff must plead "factual
> content that allows the court to draw the reasonable inference that
> the defendant is liable for the misconduct alleged," based on "more
> than a sheer possibility that a defendant has acted
> unlawfully." *Id.* "Threadbare recitals of the elements of a cause of
> action, supported [by] mere conclusory statements, do not
> suffice." *Id.*

No. 6:21-CV-00487-ADA, 2022 WL 23469, at *1 (W.D. Tex. Jan. 3, 2022) (Albright, J.) (granting

motion to dismiss patent infringement claims for failure to state a claim: "[t]he court's task is to

determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to

evaluate the plaintiff's likelihood of success.") (further citation omitted).

"When presented with a Rule 12(b)(6) motion, a court conducts a two-part analysis. First,

the court separates the factual and legal elements, accepting 'all of the complaint's well-pleaded

facts as true, [while] . . . disregard[ing] any legal conclusions.' Second, the court determines

'whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible

claim for relief."'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207-ADA, 2019 WL

3940952, at *1 (W.D. Tex. July 26, 2019) (quoting *Fowler v. UPMC Shadyside*, 578 F.3d 203,

210-11 (3d Cir. 2009)) (alterations in original). Courts, however, "are not bound to accept as true

a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Conclusory allegations, or legal conclusions masquerading as factual conclusions, will not suffice

to prevent a motion to dismiss." *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-cv-00143,

2017 WL 9477677, at *6 (W.D. Tex. Nov. 28, 2017) (citing *Fernandez–Montes v. Allied Pilots

Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)) (report and recommendation).

Moreover, a complaint must support plaintiff's entitlement to relief with "'factual content,'

not just conclusory allegations." *Ortiz & Assocs. Consulting, LLC v. Ricoh USA, Inc.*, No. 6:21-

CV-01178-ADA, 2023 WL 2904583, at *3 (W.D. Tex. Apr. 11, 2023) ("*Ortiz*") (quoting *Bot M8

LLC. v. Sony Corp. of Am.*, 4 F.4th 1342, 1352-53 (Fed. Cir. 2021).   And though the "level of

detail required in any given case will vary," it "must be enough to raise a right to relief above the speculative level." *Ortiz*, 2023 WL 2904583 at *3 (quoting *Bot M8 LLC. v. Sony Corp. of Am.*, 4 F.4th at 1353-54) (citing *Twombly*, 550 U.S. at 555).

## IV.   ARGUMENT

### A.   OmniTek Has Failed To Allege A Plausible Direct Infringement Claim

OmniTek has failed to plead sufficient facts under the *Iqbal*/*Twombly* standard to state a plausible claim of direct infringement against Google. "Liability for direct infringement arises when a party, "without authority, makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent." 35 U.S.C. § 271(a). To constitute direct infringement, "the accused device must include all of the limitations contained within the patent claim." *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1252 (Fed. Cir. 2000).

The Complaint asserts that Google directly infringes the Asserted Patent. *See, e.g.,* Compl., ¶¶ 7-9 & 22-26. But Plaintiff alleges no facts in its Complaint connecting the alleged infringement with any of the identified Smartwatches. *See generally id*. No model numbers, versions, or release dates are identified. *Id.* (entirety). No structures of the accused Smartwatches are identified. *Id.* (entirety). Nor does the Complaint identify where, if anywhere, the alleged casings of these various different Smartwatches have the claimed "communications bus," much less a communications bus that has the required "point-to-many links manner." *Id.* (entirety). Indeed, OmniTek does not allege any facts about the Smartwatches at all except that they exist. *Id.* (entirety). The so-called "factual" support for OmniTek's infringement claims are, instead, merely: the Smartwatches infringe, see the '293 patent at claims 1, 2, 17, and 18.

This mere identification of accused products and citation to the language of the patent claims is exactly the type of conclusory infringement allegations that the Federal Circuit has found

insufficient as a matter of law to state a claim for patent infringement. *Bot M8*, 4 F.4th at 1352–53 (a patentee "cannot assert a plausible claim for infringement under the *Iqbal*/*Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements"). A complaint must explain *how* the defendant is alleged to have directly infringed the patent. *See De La Vega v. Microsoft Corp.*, No. W-19-CV-00612-ADA, 2020 WL 3528411, at \*5-\*6 (W.D. Tex. Feb. 11, 2020) (claims of direct infringement were deficient "[b]ecause the Original Complaints were completely silent how Microsoft and Google could have directly infringed claim 1" and failed to explain how claim limitations were met) (citing *Twombly*, 550 U.S. at 555).

The *Ortiz* case is instructive in this regard. 2023 WL 2904583. In *Ortiz*, the court granted, in relevant part, the defendant's motion to dismiss for failure to state a claim because the plaintiff failed to specifically allege what "server" was allegedly infringing the patent at issue beyond the allegation that the defendant "maintains, operates, and administers systems and servers."  *Ortiz*, 2023 WL 2904583 at \*1, \*4.  The *Ortiz* court noted that "[t]o survive a Rule 12(b)(6) motion on a direct infringement claim, the plaintiff must plead facts that plausibly, not merely possibly, suggest that the accused product meets each limitation of the asserted claim(s)." *Ortiz*, 2023 WL 2904583, at \*4 (citations omitted).  In applying that standard, the court held that despite providing screenshots and "a chart that displays the claim language on one side and the accused product details on the other, accompanied by a brief description," the *Ortiz* complaint "failed to plausibly plead any cause of action." *Ortiz*, 2023 WL 2904583 at \*4.  The allegations in OmniTek's Complaint are even more threadbare than the claim that was dismissed in the *Ortiz* case. OmniTek not only did not provide claim charts or screenshots of the accused products, it failed even to reference any component of the accused products, including identifying where, if anywhere, it believes that the casings of the accused Smartwatches have the required "communications bus."

Indeed, even **OmniTek** is uncertain as to whether it can plausibly allege that the accused Smartwatches have a casing that includes the required "communications bus" or otherwise practices the claims: all of OmniTek's infringement allegations are pleaded "*[o]n information and belief*." Compl. ¶¶ 22-26 (emphasis added). The accused Smartwatches are not trade secret formulas or hidden from view; they are commercial products freely available for purchase. Even the most minimal pre-suit investigation would have included purchasing and examining their cases to see if there is a basis to allege that they even have, *e.g.*, the required "communications bus." The fact that OmniTek is unwilling to assert even a naked infringement claim without hedging further demonstrates that the Complaint fails to include any alleged facts that might provide Google or the Court notice as to the basis for its infringement claims.

The extent of OmniTek's insufficient and conclusory allegations is further demonstrated by the fact that they are not even superficially tailored to the accused Google products. Indeed, as noted, OmniTek essentially repurposed the same complaint and allegations for not just five different Google and Fitbit products in the instant Complaint, but also multiple Huawei and Samsung products in two separate lawsuits. *See* DeLoach Decl., Exs. 1-4. The near-verbatim duplication of language in multiple complaints involving unrelated defendants and different accused products is irreconcilable with the requirement that the complaint in each action contain "*factual content* that allows the court to draw the reasonable inference that *the defendant* is liable for the misconduct alleged." *See Iqbal*, 556 U.S. at 678 (emphasis added). These statements are, therefore, "not entitled to the assumption of truth," and such a "formulaic recitation of the elements" is a textbook example of failing to plead a cause of action. *Iqbal*, 556 U.S. at 678-79.

### B.  OmniTek's Indirect Infringement Allegations Are Insufficient

OmniTek's indirect infringement allegations in the Complaint should also be dismissed. As a threshold matter, because the Complaint fails to adequately allege an act of direct

infringement, it also fails to adequately plead a claim for indirect (both induced and contributory) infringement by Google. *See In re Bill of Lading Transmission & Processing Sys. Pat. Litig*., 681 F.3d 1323, 1333 (Fed. Cir. 2012) ("It is axiomatic that '[t]here can be no inducement or contributory infringement without an underlying act of direct infringement.'") (internal citation omitted). This alone is sufficient to require dismissal of OmniTek's indirect infringement claims along with its direct infringement claims.

Moreover, the Complaint only makes one vague allegation that Google "has committed indirect infringement based on acts of direct infringement in Texas and this District."  Compl. at ¶ 10.  And the only other possible reference to an indirect infringement theory is in paragraph 7, where OmniTek alleges that Google "directly and/or through intermediaries/subsidiaries has advertised (including through websites), offered to sell, sold and/or distributed infringing products, and/or have ***induced the sale and use of infringing products*** in the United States, Texas, and this District." *Id.* at ¶ 7 (emphasis added).

These sparse references are not even close to articulating an indirect infringement theory, much less alleging the facts required to plead all of the elements of an induced or contributory infringement claim.  OmniTek does not even reference the elements of a contributory infringement claim, much less plead facts in support of it. *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-CV-008876-ADA, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021) (Albright, J.) (citations omitted) (granting motion to dismiss contributory infringement claims for failing to "contain any facts, other than mere recitation of the elements"). And its bare-bones reference to induced infringement also fails to state a claim.  Indeed, to adequately plead induced infringement:

> a plaintiff must demonstrate that 'the defendant knew of the patent
> and that the induced acts constitute patent infringement.' *Commil*

> *USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) (internal
> quotation marks omitted). Further, a plaintiff must allege a specific
> intent to induce infringement, which is "evidence of culpable
> conduct, directed to encouraging another's infringement, not merely
> that the inducer had knowledge of the direct infringer's
> activities." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed.
> Cir. 2006).

*Monolithic Power Sys.*, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021) (granting motion to

dismiss induced infringement claims for failing to "plausibly assert facts" supporting the

complaint's "threadbare recitals of the elements").  OmniTek's Complaint, however, does not

allege any of these necessary elements, including how end users purportedly directly infringe any

claim of the '293 patent; facts purporting to demonstrate that Google possessed the specific intent

for end users to infringe the '293 patent; or that infringement of the asserted claims of the '293

patent even requires user action or input in the first place.  *See Superior Indus., LLC v. Thor Global*

*Enters.*, 700 F.3d 1287, 1295-96 (Fed. Cir. 2012) (holding that to overcome a motion to dismiss,

the complaint must allege facts to show specific intent to induce infringement).  The Complaint

also fails even to allege that Google knew of the '293 patent such that it could induce

infringement—at least with respect to any alleged inducement prior to the service of the

Complaint.  *See* D.I. 10; Compl. ¶ 27 (alleging Google was on notice of any alleged infringement

"at least by virtue of service or acknowledged delivery of this Complaint").

### C.   OmniTek's Willful Infringement Allegations Are Insufficient

OmniTek's allegations that Google's infringement was willful similarly fail. OmniTek

appears to base its willful infringement allegations on its service, but the allegations are so deficient

that they fail to provide the requisite notice of infringement needed to allege or prove willfulness.

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 94 (2016) Indeed, notice of the patents is not

notice of the alleged infringement, which are the facts that need to be alleged to state a claim for

willful patent infringement. *See, e.g., Dynamic Data Techs. v. Google LLC*, No. 19-1529-CFC,

2020 WL 1285852, at *2 (D. Del. Mar. 18, 2020) ("even assuming that it is plausible that" defendant "somehow knew of the existence of each of the patents-in-suit, [d]efendants' Motion would still be well taken—since the Complaint does not contain plausible allegations that [defendant] would then have known that *it was infringing* each of the patents-in-suit." (emphasis in original)).

Moreover, even if the Complaint did state a plausible claim for infringement sufficient to advise Google of the purported nature of its infringement, and the willfulness allegations were tied to that pleading, the willfulness claim would still be inadequate as a matter of law. "[A] willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's ***pre-filing*** conduct." *In re Seagate*, 497 F.3d 1360, 1374 (Fed. Cir. 2007), *overruled on other grounds by Halo*, 579 U.S. 93 (emphasis added). In *Mentor Graphics Corporation v. EVE-USA, Inc.,* decided after *Halo,* the Federal Circuit affirmed that "in ordinary circumstances, willfulness will depend on an infringer's prelitigation conduct" because "a patentee must have a good faith basis for alleging willful infringement." 851 F.3d 1275, 1295 (Fed. Cir. 2017) (quoting *In re Seagate Tech., LLC,* 497 F.3d 1360, 1374 (Fed. Cir. 2007)).

Multiple district courts examining this controlling authority have thus concluded that post-suit knowledge alone fails to support a pleading of willful infringement. *See, e.g., VLSI Tech. LLC v. Intel Corporation*, Case No. 17-cv-05671-BLF, 2023 WL 8654391, at *31 (N.D. Cal. Dec. 14, 2023); *Valinge Innovation AB v. Halstead New England Corp.*, No. CV 16-1082-LPS-CJB, 2018 WL 2411218 at *11 (D. Del. May 29, 2018), *report and recommendation adopted*, No. CV 16-1082-LPS-CJB, 2018 WL 11013901 (D. Del. Nov. 6, 2018); *Adidas Am., Inc. v. Sketchers USA, Inc.,* 2017 WL 2543811, at *4 (D. Or. June 12, 2017). As one court recently held, "the complaint itself cannot serve as the basis for a defendant's actionable knowledge," because "[t]he purpose of

a complaint is not to create a claim but rather to obtain relief for an existing claim." *VLSI Tech. LLC v. Intel Corp.,* Case No. 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019). Although some district courts have disagreed with *VSLI* and found instead that a complaint can provide notice sufficient to support a post-service willful infringement claim, even those courts require a "well-pled, detailed complaint laying out a clear case of infringement" to properly allege willful infringement claim. *See, e.g., Dali Wireless, Inc. v. Corning Optical Communications LLC*, 638 F. Supp. 3d 1088, 1099 (N.D. Cal. 2022). (holding that "a well-pled, detailed complaint laying out a clear case of infringement could supply the knowledge (post-complaint) required for willfulness once a defendant has had a reasonable period of time to evaluate the complaint's contentions") (citation omitted).

The reasoning of the *VLSI* court and its sisters is compelling, and Google submits that this Court should follow it and dismiss OmniTek's Complaint as a matter of law.  But dismissal of the willful infringement claims is also warranted even if this Court declines to follow *VLSI* given OmniTek's infringement allegations are plainly insufficient, as set forth above, and fail to provide any notice of the basis for the purported infringement to Google.  Under any standard, the Complaint fails to provide notice of the alleged infringement:  willful infringement should be dismissed.

## V.     CONCLUSION

For the reasons set forth above, OmniTek's Complaint should be dismissed for failing to properly plead a cause of action for direct, indirect, or willful infringement against Google. Accordingly, Google respectfully requests that the Court dismiss Plaintiff's patent infringement claims for failure to state a claim.

Dated:  March 4, 2024                    Respectfully submitted,

                                         */s/ Juanita DeLoach*
                                         Juanita DeLoach
                                         Texas Bar No. 24064218
                                         juanita.deloach@btlaw.com
                                         Daniel Valenzuela
                                         Texas Bar No. 24067918
                                         dvalenzuela@btlaw.com
                                         **BARNES & THORNBURG LLP**
                                         2121 North Pearl Street, Ste. 700
                                         Dallas, TX  75201
                                         Tel: (214) 258-4200
                                         Fax: (214) 258-4199

                                         Jeff M. Barron (*pro hac vice* application pending)
                                         jeff.barron@btlaw.com
                                         (*pro hac vice* application pending)
                                         **BARNES & THORNBURG LLP**
                                         11 South Meridian Street
                                         Indianapolis, IN 46220
                                         One North Wacker Drive, Ste. 4400
                                         Chicago, IL 60606
                                         Tel: (312) 357-1313
                                         Fax: (312) 759-5646

                                         Katharine L. Carmona
                                         Texas Bar No. 00787399
                                         kcarmona@jw.com
                                         **JACKSON WALKER LLP**
                                         100 Congress Avenue, Ste 1100
                                         Austin, TX 78701
                                         Tel: (512) 236-2262

                                         Erica Benites Giese
                                         Texas Bar No. 24036212
                                         egiese@jw.com
                                         **JACKSON WALKER LLP**
                                         1900 Broadway, Ste 1200
                                         San Antonio, TX 78215
                                         Tel: (210) 978-7791

                                         Nathaniel St. Clair, II
                                         Texas Bar No. 24071564
                                         nstclair@jw.com
                                         **JACKSON WALKER LLP**

-17-

2323 Ross Ave., Ste. 600
Dallas, TX 75201
Tel: (214)953-5948
Fax: (214) 661-6848

**ATTORNEYS FOR DEFENDANT GOOGLE
LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2024, all counsel of record who are deemed to have consented

to electronic service are being served with a copy of this document via the Court's CM/ECF

system.

_/s/ Juanita DeLoach_____
Juanita DeLoach